NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

RUDOLPH WOLF, JR., PETITIONER, v. NATIONAL GROCERY
COMPANY, RESPONDENT.

Decided September 3, 1935.

For the petitioner, *Breslin & Breslin.*

For the respondent, *Edward O. West.*

\*     \*     \*     \*     \*     \*     \*

Petitioner was in the employ of the respondent on June 3d, 1933, and on this day petitioner was engaged in moving boxes of canned goods from the street to the store, said canned goods weighing according to the manager of the store, who testified for the respondent, approximately fifty pounds and according to the petitioner from sixty to seventy pounds. Petitioner while so engaged felt a sharp pain in his side which pain persisted, making it necessary for him to subsequently see a doctor within thirty-six to forty-eight hours after the occurrence. On June 5th, 1933, petitioner was operated upon at the Holy Name Hospital, Teaneck, New Jersey, for appendicitis.

Question is whether or not appendicitis can be caused by a strain.

Referring to Dr. Kessler's book "Accidental Injuries," under the caption "Appendicitis," pages 393, 394 and 395, there seems to be some question as to whether or not appendicitis can be caused by such physical exertion as a lifting effort. He states that most cases occurring in industry are

due to aggravation of a pre-existing appendicitis through direct or indirect force. Heavy lifting or exertion may aggravate the condition by causing adhesions or by the definite opening of local abscesses. The proof of the initiation or aggravation of an appendicitis as the result of accident rests on the following postulates:

1. No symptoms or sign of appendicitis should have existed before the accident and the individual must have been able to work.

2. Severe injury of the abdomen or a real over-exertion must be proved.

3. Severe evidence of illness must be proved at once which leads to immediate cessation from work. An interval of two to three days without any symptoms and with full ability to work makes the asserted relation improbable.

Levai therefore takes the position that in a healthy appendix trauma can never cause appendicitis but holds, however, that it is possible in an adherent or kinked appendix, that is where there is a functional change, trauma may aggravate the same. From a medico-legal point then it becomes necessary to distinguish between an appendicitis induced through injury and one aggravated by injury. The following postulates guide us in determining this:

1. The injury was severe enough to cause at least a temporary cessation from work.

2. The nature and location of the injury were such as could affect the appendix.

3. The symptoms of appendicitis must follow the injury indirectly.

4. In case of death the autopsy should show that the appendix through its abnormal position and condition could have been influenced by injury.

Hence the author would conclude, according to the postulates laid down by Levai, that (1) trauma can never cause an appendicitis in a healthy appendix; (2) it may aggravate a pre-existing appendicitis, but in order to be compensated the injured must show at the time of operation an old appendicitis. No case of alleged appendicitis should be compensable unless it is operated upon, since a diagnosis would

be too vague and uncertain unless verified by operation. Compensation for the same should be similar to that for a hernia, that is, payment for medical and surgical services, and in uncomplicated cases, no award for permanent disability.

Referring to the 1930 edition of Trauma, Diseases, Compensation, by A. J. Fraser, M. D., chief medical officer, workmen's compensation board, Winnipeg, it is found quoted therein the opinions of various medical authorities relative to relationship of trauma either by direct or indirect force to appendicitis.

Dr. H. Nothnagel (Encyclopedia of Practical Medicine) states, "appendicitis coming on after a sudden strain or effort has been usually attributed to the action of the psoas muscle, the appendix being supposed to be adherent to the sheath of the muscle as a result of slight former attack of appendicitis. On a very vigorous contraction of the muscle the adhesions are torn and the appendix ruptured."

From Keane's Surgery we note the following:

"Murphy calls attention to the fact that trauma is occasionally an exciting factor and cites Von Neumann's analysis of one hundred and fifty-two cases where trauma, either from direct injury to the abdomen or from heavy lifting, figured in ten cases as an etiologic factor."

C. B. Lockwood (System of Medicine) states "injuries are without doubt an exciting cause of appendicitis. Attacks have followed blows in the region of the cecum, while strain, too, have preceded attacks of the disease. But it is unnecessary to point out that these injuries may have aggravated merely an appendicular inflammation which was already in progress."

Dr. A. J. Fraser adds to this, "it may be added that either primary causation or aggravation of pre-existent disease, is equally valid legal grounds for compensable liability."

J. Sheren adds (Accidents in Their Medico Legal Aspects, Knocker) and (Choyce's System of Surgery) an attack of appendicitis may be caused by abdominal contusion or sprain and that the symptoms always come on immediately or within forty-eight hours. If a longer interval elapses he considers

the responsibility of the accident may be rejected. The mechanism of the trauma is explained as the forcing of fluid from the bowel into an unhealthy appendix, and that a concretion may act as a ball valve preventing its escape, or that a kinked appendix is further kinked from a strain. It is denied that an attack of appendicitis can ever be caused by injury if the appendix be absolutely healthy, but note is made that the patient may not be aware of any pre-existing disease.

II. A. Kelley (Appendicitis) states that in an analysis of fifty cases associated with trauma and presumptively of traumatic origin, found at operation evidence of the pre-existing disease such as concretions, adhesions, and kinking in forty of the series, he found no evidence to show trauma could cause appendicitis in a sound appendix. In none of the cases was there found any external evidence of injury. In practically all, the symptoms appeared either immediately or within forty-eight hours.

While there is some testimony to the effect that the lifting effort was coincidental with the fact, I feel after carefully considering the various authorities on the subject that appendicitis in this instance was due to strain caused by lifting heavy cases and I am finding for the petitioner.

\*       \*       \*       \*       \*       \*       \*

JOHN C. WEGNER,
*Deputy Commissioner.*