BERGEN COUNTY COURT OF COMMON PLEAS.

RUDOLPH WOLF, JR., PETITIONER-APPELLEE, v. NATIONAL GROCERY COMPANY, RESPONDENT-APPELLANT.

Decided January 21, 1936.

For the petitioner-appellee, *Messrs. Breslin & Breslin.*

For the respondent-appellant, *Edward O. West.*

LEYDEN, C. P. J.   This is an appeal from the finding of facts, determination and rule for judgment of the deputy commissioner made on September 3d, 1935 (*Wolf* v. *National Grocery Co.*, 13 *N. J. Mis. R.* 650; 180 *Atl. Rep.* 625), wherein petitioner was awarded temporary disability from June 3d, 1933, to December 3d, 1933, at the rate of $6 per week, counsel and stenographic fees.

After reading the entire record I am unable to agree with the conclusion reached by the deputy commissioner.

In the morning of Saturday, June 3d, 1933, a load of packaged groceries consisting of thirty or forty pieces, was delivered by one of the respondent's trucks and placed on the sidewalk in front of the store premises at No. 607 Main street, Hackensack, New Jersey.   The petitioner, then seventeen years of age, was employed by the respondent as a clerk at a weekly wage of $6.   His duties were to wait on customers and to carry the merchandise from the sidewalk into the store, unpack it and place it on the shelves.

About eleven o'clock A. M. he commenced the task of carrying in the packages, his second selection being a cardboard carton of Del Monte canned goods weighing about fifty pounds.   He lifted this package from the sidewalk to an easy

carrying position in both hands and proceeded four or five feet to a flight of three stairs leading into the store. As he stepped on the second stair he felt a sharp pain in his abdomen on the right side. He placed the carton on the floor, sat upon it, rested a while, and in five or ten minutes resumed the work and carried in the remainder of the load. He complained to the manager of not feeling well but no great significance was attached to his statement for he had in the past complained of not being in the best of health. He went home for lunch between one and two P. M., told his mother of the pain in his abdomen, ate, and returned to work. He continued to perform his duties until closing time at half past ten or eleven o'clock that night. The pain in his abdomen continued throughout the next day, Sunday. In addition he suffered from a headache. He took a dose of epsom salts at eleven-thirty P. M. but obtained no relief. His condition became progressively worse until at three A. M. on Monday morning he vomited and requested the services of a physician. His mother then gave him an enema. At six o'clock a physician, upon examination, gave him a prescription and suggested immediate hospitalization. He entered the hospital at seven A. M. where his condition was diagnosed as acute appendicitis. He was operated upon at twelve noon, the surgeon finding acute suppurative appendicitis, or in other words, a true appendicitis. The appendix was not ruptured and there were no adhesions. He remained in the hospital for two weeks and had an uneventful recovery.

On May 2d, 1935, the petitioner filed his claim petition for compensation, alleging, *inter alia*, that his appendix was ruptured by the strain caused in the effort of lifting the heavy package of groceries. To substantiate this allegation and to prove there was a causal connection between the lifting and the appendicitis, petitioner called in his behalf a physician and surgeon, who, in response to an involved hypothetical question testified that the strain of lifting was the cause of the appendicitis. The doctor admitted that he had no practical experience in abdominal surgery for the past fifteen or more years; that his practice was limited to eye, ear, nose and throat. Upon cross-examination, when pertinent ques-

tions were put to him regarding his knowledge of traumatic appendicitis, the doctor's answers were entirely unsatisfactory and upon being further pressed, he left the stand in confusion.

The respondent's doctors were more helpful. From their testimony it appears that the appendix is a slender process shaped like a worm and attached to an opening near the beginning of the large intestine. It is found in the right lower quarter of the abdomen and its free end is closed and usually hangs downward. The appendix is not fastened to the body itself except at the point of its attachment near the beginning of the large intestine, and there is sufficient freedom so there is no contraction on it. As the abdominal contents move, it moves. When it becomes inflamed by reason of pus organisms or a foreign body, the result is the disease appendicitis. This condition manifests itself initially by either a sharp or dull pain and progresses with increasing pain, sometimes fever and vomiting, for varying lengths of time, depending upon the virulence of the infection, the period being twenty-four or thirty-six hours or even longer, until the appendix ruptures.

The disease may, in rare instances, result from direct or indirect trauma. For example, a penetrating wound in the abdomen with a perforation of the appendix may occasion the inflammation, or a heavy or violent blow in its region may force fecal matter or other intestinal contents into the appendix and thus produce its inflammation. Likewise where the appendix has become adherent to the adjacent tissue as a result of an old or chronic appendicitis, the muscular strain of lifting a heavy object may cause it to tear or rupture and aggravate the inflammation from passiveness to acuteness.

The instant case was pleaded and tried upon the theory that the strain of lifting the package caused the appendicitis. The allegation that the appendix was ruptured was abandoned at the hearing. The evidence, however, demonstrates—and I have had the benefit of the hospital records, in evidence by stipulation of counsel—that the operation disclosed petitioner suffered from a true, acute appendicitis, without adhesions, and the appendix was not ruptured. From a study of all the

evidence it is manifest that the lifting of the carton of groceries and the pain of the initial attack of the disease were merely coincidental. The strain of lifting had no causal relation to the petitioner's condition. The inflammation had matured. He would have been seized with the attack regardless of the activity in which he was engaged at the time. He suffered the affliction despite the lifting, not because of it.

I conclude, therefore, that the petitioner did not meet with an accident arising out of and in the course of his employment, and I will sign an order dismissing the petition.